### STEEL & TUBES, Inc., v. NATIONAL TUBE CO.

#### No. 2816.

District Court, W. D. Pennsylvania.

June 8, 1935.

R. A. McCrady, of Pittsburgh, Pa., Drury W. Cooper and Ernest D. Given, both of New York City, and George T. May, Jr., of Chicago, Ill., for plaintiff.

John E. Jackson, of Pittsburgh, Pa., and Merrell E. Clark, D. A. Usina, and Charles H. Walker, all of New York City, for defendant.

SCHOONMAKER, District Judge.

This is a patent infringement suit. From bill, answer, and proofs, we find the following facts:

### Findings of Fact.

1. The plaintiff-corporation is the owner of three United States patents in suit, i. e.,

(a) Johnson patent No. 1,388,434, granted August 23, 1921, for method and apparatus for butt-welding their gage-tubing, of which patent claims 1, 2, 4, 5, 10, 14, 17, and 19 are in suit.

(b) Johnson patent No. 1,435,306, granted November 14, 1922, for butt-welded thin-walled tubing, of which patent claims 3, 5, 6, and 9 are in suit.

(c) Belmont patent No. 1,611,875, granted December 28, 1926, for improvement in welding apparatus, of which patent claims 1, 2, 3, 4, and 6 are in suit.

2. Said patents are valid and have been infringed by the defendant.

### Conclusions of Law.

We conclude as a matter of law as follows:

1. The plaintiff is entitled to the relief prayed for in its bill of complaint.

### Opinion.

■ No extended discussion is necessary as to the validity of the two Johnson patents, because the Circuit Court of Appeals of this Circuit had held that they are valid. Steel & Tubes, Inc. v. General Tube Co., 61 F.(2d) 475. We are bound by that opinion. It may be noted that these two patents were also held valid in three other suits. Elyria Iron & Steel Co. v. Mohegan Tube Co., Inc., 7 F.(2d) 827 (C. C. A. 2); Steel and Tubes, Inc. v. Greenpoint Metallic Bed Co., 37 F.(2d) 172 (D. C. E. D. N. Y.); Steel & Tubes, Inc. v. S. Jackson Tube Co., Inc., 42 F.(2d) 760 (D. C. E. D. N. Y.).

■ There seems to be only one question raised in the instant case that was not mentioned by the Circuit Court of Appeals in Steel & Tubes, Inc. v. General Tube Co., supra, and that is the question of abandonment to the public of the Johnson product growing out of a contract between the Simmons Company and the American Moulding Company dated July 27, 1917.

We do not think that amounts to a bar to the patent. In any event, it was less than two years before the date of the patent application.

[3] As to infringement, we find the defendant using a Parpart machine, the same type of machine used in Steel & Tube, Inc. v. General Tube Co., supra, and in practically the same way that the Circuit Court of Appeals held brought about an infringement in that case. The cases are so parallel in their facts as to the machine used, the process followed, and the electric current effects upon the weld of the tubing manufactured that we believe the finding of infringement in that case is conclusive upon the matter of infringement in the instant case. We are therefore content to rest our finding of infringement in this case upon the opinion of the Circuit Court of Appeals in the General Tube Case without further discussion.

We now take up the consideration of the Belmont patent No. 1,611,875, claims 1, 2, 3, 4, and 6 of which are in suit. This patent relates to welding apparatus and has primarily to do with the smoothing out of the weld so as to obliterate any burrs that may have resulted from the welding operation. Claim 2 may be cited as a typical claim. It is as follows: "2. In apparatus of the class described, the combination of means for heating the longitudinal edges of a tube to be welded, means for forcing said edges together to produce a weld, a carriage arranged inside in the tube and having rotatable supporting means engaging the surface of the tube opposite the weld, supporting means for the tube, opposed to said rotatable supporting means, a roller on said carriage for operating on the weld to smooth down the interior burr, a roll on the exterior of the tube opposed to said roller and operating on the weld to smooth down the exterior burr, and means for holding said carriage in the desired position."

Claims 1, 2, 3, and 4 of this patent were held valid in Steel & Tubes, Inc. v. S. Jackson Tube Co. (D. C.) 42 F.(2d) 760, and we think properly so. But as additional patents have been cited against Belmont in the instant case, we prefer to take up and make an independent study of this patent and the prior art cited against it.

As we view the Belmont patent, it brings into the electric welding art for the making of thin tubing the use of a mandrel as a part of the continuous welding operation to smooth down the burrs and rough surfaces, both on the inside and the outside of the tubing. This idea was new with Belmont. The invention involves a group of elements which heat the tube, press the edges together, and weld them, as well as the rollers, the carriage, and other appliances which operate on the weld after it has been made. The results achieved in this combination produce a new result in the welding and smoothing out of the burrs on the weld in a single continuous operation.

The combination of old elements co-operating to produce new results has repeatedly been held to be patentable. Otis Elevator Co. v. Interborough Rapid Transit Co. (C. C. A.) 222 F. 501; Tompkins-Hawley-Fuller Co. v. Holden (C. C. A.) 273 F. 424, 425; Webster Loom Company v. Higgins, 105 U. S. 580, 26 L. Ed. 1177.

Of the prior patents cited by defendant, we find that none of them teaches the use in combination in a continuous welding and rolling operation, of the elements shown in the disclosures of the Belmont patent.

The Kellogg patent 278,340 is for an apparatus for rolling the surface of a tube or billet, and makes no disclosures as to rolling a welded seam immediately after welding.

The Lloyd patent No. 1,178,812 disclosures relate to the cold forming of tubing, and give no light on the working of the burrs into the weld and the smoothing down of the surface of the weld, both on the inside and the outside of the tube.

The Higgins patent discloses an apparatus to be used in applying welding pressure to overlapped edges of a tube which has been previously heated throughout to a welding temperature.

The German Sokol patent No. 249,080 relates to an apparatus for welding together overlapped edges of a large drum or cylinder. We find no disclosure which structurally or in function corresponds to the Belmont apparatus.

The Sussman patent No. 1,435,062 discloses loosely mounted rollers which act as hammers to pound a seam welded by acetylene torch against an anvil. It is entirely unlike Belmont.

[5] We therefore conclude that the Belmont patent is valid.

768

There seems to be no question but that the Belmont patent is infringed by defendant's structures. It is evident from the drawings of defendant's machine, Exhibits 30 a, b, c, d, that the defendant's burr rolling device is constructed substantially in the same way and operates to produce the same results as Belmont.

We therefore hold the Belmont patent infringed by defendant.

A decree in accordance with our findings may be submitted.